FILED

JAN 2 8 2003

LARRY W. PROPES, CLERK
CHARLESTON,

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

ARTHUR L. BROWN, Personal Representative of Estate of CLAYRE LEE BROWN, )
)
)
)
Plaintiff, )
)
vs. )
)
UNITED STATES OF AMERICA and )
THE REGIONAL MEDICAL CENTER )
OF ORANGEBURG AND CALHOUN )
COUNTIES, )
)
Defendants. )

5  03  0292  24

COMPLAINT

Plaintiff, Complaining of Defendants, alleges:

1.  Plaintiff Arthur L. Brown (Mr. Brown) is a citizen and resident of Dorchester County, South Carolina. He is the duly appointed personal representative of the Estate of his late wife, Clayre Lee Brown, deceased.

2.  At all relevant times, Jose E. Berthe, M.D. was employed as a physician by Family Health Centers, Inc., located in Orangeburg, SC and Plaintiff is informed and believes that Defendant United States of America is a proper party defendant as Family Health Centers, Inc. is an entity covered under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

3.  On April 18, 2002, Plaintiff mailed by certified mail, return receipt requested, a properly filled out Form 95, with accompanying documents, to Monica Davy, Acting Chief, Litigation Branch, Dept. of Health & Human Services, 330 Independence Ave., SW, Washington, DC 20201. It was received April 29, 2002.

4.  More than six months have elapsed since the Form 95 was received and neither a denial nor an acceptance of liability has been received; thus, there is jurisdiction in this Court.

5.  Defendant The Regional Medical Center of Orangeburg and Calhoun Counties (Defendant Hospital) is a South Carolina corporation, with its principal place of business in Orangeburg County,

6.  This Court has supplemental jurisdiction of Defendant Hospital in this matter, pursuant to 28 U.S.C. § 1367(a), because the claims against Defendant Hospital are so related to the other claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Art. III of the Constitution.

7.  Mrs. Clayre Lee Brown was a GYN patient of Jose F. Berthe, M.D., an employee of Family Health Centers, Inc., who has been deemed to be an employee of the United States, pursuant to § 224(h) of the Public Health Services Act, 42 U.S.C. § 223(h).

8.  After examinations and studies were performed, Doctor Berthe diagnosed Mrs. Brown, age 52, as needing a hysterectomy and bilateral salpingo-oophorectomy (removal of uterus, ovaries and tubes). After a workup, which included consideration of her lung disease known as sarcoidosis, diabetes and hypertension, Mrs. Brown was admitted to Defendant Hospital on February 1, 2001 for the procedure.

9.  Surgery was performed the morning of February 1st. During the procedure, and immediately afterwards, Mrs. Brown received more than 3,000 cc of fluids. During that same time her output was approximately 400 cc. At the conclusion, it was considered that the procedure was uneventful and a success.

10. Mrs. Brown was transferred to her room at approximately 1:00 p.m. A pulse oximeter was ordered to check her oxygen saturation levels; however, no oxygen was prescribed.

11. The alarm on the pulse oximeter went off many times and the Hospital nurses in attendance responded by coming into the room and resetting the alarm system. Finally, over time, family members, who were unaware of its significance, were instructed by the nursing staff on how to shut off the alarm. During this time of several hours, no oxygen was administered to Mrs. Brown while she experienced wheezing, coughing, problems breathing and low fluid output.

12. During the late afternoon Doctor Berthe came in and examined Mrs. Brown and gave certain orders, but there was no real improvement.

13. At approximately 10:00 P.M. Mrs. Brown went into respiratory distress and failure and was transferred to the ICU where, despite treatment provided, she became progressively worse and "coded." Resuscitative measures were instituted, but were not successful. She had become comatose and that morbidity continued for many days.

14. At the request of family members, Mrs. Brown was transferred to the MUSC Hospital in Charleston on February 10th where additional efforts were made to reverse her comatose and life-threatening condition.

15. Over time it was determined that too much damage had occurred to Mrs. Brown and a decision was made to terminate life support. Mrs. Brown never regained consciousness and she died February 25, 2001 at MUSC Hospital, in the 52nd year of her life as a result of the joint and concurring negligence and carelessness of the defendants.

16.     Plaintiff is informed and believes the injuries and damages sustained were the result of the joint and concurring negligence and carelessness of the defendants.

## FIRST CAUSE OF ACTION
*(Wrongful Death)*

17.     All of the paragraphs above are incorporated by reference.

18.     Plaintiff brings this cause of action for Mrs. Brown's wrongful death pursuant to § 15-51-10, S. C. Code, for the benefit of himself as Mrs. Brown's widower and for the benefit of their children, Arthur Brown, Jr., Timothy Brown, Yvonnia B. Elmore and Tonya L. Brown.

19.     As a direct and proximate result of the negligence and carelessness of Defendants, the beneficiaries under the Wrongful Death Act have and will endure grief, sorrow, loss of her love, society and comfort, loss of her advice and guidance, loss of income from her efforts and they have been otherwise seriously damaged.  Moreover, funeral expenses and medical expenses were incurred and Plaintiff prays for judgment against the Defendants in the amount of $2,500,000.00, plus the costs and disbursements of this action.

## SECOND CAUSE OF ACTION
*(Survival Action)*

20.     Paragraphs 1 through 16 are incorporated by reference.

21.     Plaintiff brings this cause of action for Mrs. Brown's pain and suffering prior to her untimely death, for the benefit of her Estate, pursuant to § 15-5-90, S.C. Code (Survival Action).

22.     As a direct and proximate result of the negligence and carelessness of Defendants, Mrs. Brown endured pain, suffering, mental anguish and distress until she

4

became comatose prior to her untimely death and Plaintiff prays for judgment against Defendants in the amount of $250,000.00, plus the costs and disbursements of this action.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of $2,500,000 for the First Cause of Action and in the amount of $250,000.00 for the Second Cause of Action, plus the costs and disbursements of this action.

**Kahn Law Firm**

Ellis I. Kahn
Fed. I.D. # 2267

Justin S. Kahn
Fed. I.D. # 5759
P. O. Box 898
Charleston, SC 29402-0898
Tel: (843) 577-2128
Fax: (843) 577-3538
**Attorneys for Plaintiff**

Charleston, SC
January 28, 2003

5